UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY MARK SIVAK,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>STEPHEN KENYON and JUDGE<br>DAVID C. NYE,<br><br>　　　　　　　Defendants. | Case No. 1:25-cv-00663-DCN<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Lacey Mark Sivak's "Criminal Complaint" because of Plaintiff's status as an inmate. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In addition to the complaint, Plaintiff has also filed a Motion to Disqualify the undersigned judge.

Having reviewed the record, the Court enters the following Order denying the Motion to Disqualify and dismissing this case with prejudice.

## 1.    Motion to Disqualify

Plaintiff seeks the disqualification of the undersigned judge. Disqualification, or recusal, of judges is governed by 28 U.S.C. §§ 144 and 455.

Section 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." A judge subject to a recusal motion may decide the recusal issue, and a referral to a different judge is unnecessary. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

Under 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."[1] Disqualification is not required where only vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. Such alleged errors are "the basis for appeal, not recusal." *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004), *superseded by statute on other grounds as stated in Dep't of Revenue v. Blixseth*, 942 F.3d 1179 (9th Cir. 2019).

Plaintiff argues that recusal is required because the undersigned is a named defendant in this case. *See* Dkt. 4. But Plaintiff is a frequent litigator who routinely names all of Idaho's federal district judges as defendants. If the mere fact of being named as a defendant were sufficient to require recusal, no judge in this Court could preside over any

---

[1] Section 455(b) also requires recusal in certain circumstances, such as where the judge has a personal bias or prejudice, where the judge has served as a lawyer in the proceeding, where a judge or certain family members have a financial interest in the proceeding, or where certain relatives of the judge are involved in the proceeding. None of these circumstances applies to Plaintiff's request for disqualification.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

of Plaintiff's cases. *See Glick v. Edwards*, 803 F.3d 505, 509 (9th Cir. 2015) (adopting the "rule of necessity," which holds that, in a case where a litigant sues all the judges of a district court, a judge need not recuse himself simply because he is identified or named in the lawsuit; disqualification is not required even though it might be possible to find an Article III judge "somewhere in the country" who is not named in the suit). Because the rule of necessity does not require recusal in this situation, and because Plaintiff has not established any other basis for recusal, the Court will deny the Motion to Disqualify.

**2.    Review of "Criminal Complaint"**

   *A.    Standards of Law for Screening Complaints*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for

the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B.    Discussion

Plaintiff seeks to pursue a federal criminal action against the undersigned judge and the Clerk of Court.

Plaintiff has been informed on many occasions that, as a private citizen, he cannot institute a federal criminal action—rather, only the federal government, through the United States Attorney, can do so. *See, e.g., Sivak v. Clerk of Court*, No. 1:24-cv-00030-AKB, 2024 WL 1194460, at *2 (D. Idaho March 20, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00021-DCN, 2024 WL 380880, at *2 (D. Idaho Feb. 1, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00020-BLW (D. Idaho Feb. 4, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00019-BLW, 2024 WL 1071944, at *2 (D. Idaho Mar. 12, 2024); *Sivak v. Winmill*, No. 1:23-cv-00014-AKB, 2023 WL 4600516, at *2 (D. Idaho July 18, 2023); *Sivak v. Duggan*, No. 1:21-CV-00166-BLW, 2021 WL 1881038, at *1 (D. Idaho Apr. 26, 2021); *Sivak v. Doe*, No. 1:19-CV-00234-DCN, 2019 WL 13240389, at *2 (D. Idaho Sept. 11, 2019); *Sivak v. Wilson*, No. 1:93-CV-00081-EJL, 2014 WL 12634293, at *2 (D. Idaho June 20, 2014), *aff'd*, 646 F. App'x 523 (9th Cir. 2016); *Sivak v. Nye*, No. 1:24-cv-00193-BLW (D. Idaho June 26, 2024); *Sivak v. Winmill*, No. 1:25-cv-00043-DCN (D. Idaho May 22, 2025); *Sivak v. Newhouse*, No. 1:25-cv-00045-AKB (D. Idaho April 16, 2025). As a result, Plaintiff is

well aware that "a private citizen lacks a judicially cognizable interest in the prosecution

or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and

that there is no individual right "to have criminal wrongdoers brought to justice," *Johnson*

*v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987).

Accordingly, Plaintiff's claims are legally frivolous. *See Julian v. Crystal Springs*

*Rehab. Ctr.*, 884 F.2d 1395, n.2 (9th Cir. 1989) (unpublished) (holding a complaint was

frivolous "because a complete defense [was] obvious from the pleadings and the deficiency

[could not] be cured by amendment"). The complaint is also malicious because Plaintiff

has reasserted claims that he is fully aware have no legal basis. *See, e.g.*, *Brinson v.*

*McKeeman*, 992 F. Supp. 897, 912 (D. Tex. 1997) ("It is malicious per se for a pauper to

file successive in forma pauperis suits that duplicate claims made in other pending or

previous lawsuits."); *Scott v. Weinberg*, 2007 WL 963990, at \*12-13 (D. Wash. March 26,

2007) (malicious suits include those that are "attempts to vex, injure, or harass the

defendants," that are "plainly abusive of the judicial process or merely repeat[ ] pending or

previously litigated claims," or that can be characterized as "irresponsible or harassing

litigation"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at \*5 (D. Va. May

5, 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his

previous suit that he had not stated a claim). Therefore, the complaint is subject to dismissal

under 28 U.S.C. § 1915A.

## C.    *Opportunity to Amend*

The Court now considers whether to allow Plaintiff an opportunity to amend the

Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of

Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135–36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356

F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile because it is clear from the face of the complaint that Plaintiff's claims are frivolous and malicious. Therefore, the Court will dismiss the complaint without leave to amend.

## ORDER

**IT IS ORDERED:**

1.    Plaintiff's Motion to Disqualify (Dkt. 4) is DENIED.

2.    This case is DISMISSED with prejudice as frivolous and malicious. *See* 28 U.S.C. § 1915A(b).

DATED: February 4, 2026

David C. Nye
U.S. District Court Judge